UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT MEDINA,

                              Petitioner,

                - against-

UNITED STATES OF AMERICA

                              Respondent.

**ORDER**

18 Civ. 734 (PGG) (RWL)
13 Cr. 272 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        Petitioner Robert Medina filed a pro se motion pursuant to 28 U.S.C § 2255 seeking to vacate, set aside, or correct his sentence (the "Petition"). (Pet., 18 Civ. 734 (Dkt. No. 2))[1] Magistrate Judge Robert W. Lehrburger has issued a 32-page Report and Recommendation ("R&R") recommending that this Court deny the Petition. (R&R, 18 Civ. 734 (Dkt. No. 18)) Medina has filed objections to the R&R. (Obj., 18 Civ. 734 (Dkt. No. 21)) For the reasons stated below, Medina's objections to the R&R will be overruled, and the R&R will be adopted in its entirety.

## BACKGROUND

### I. THE EVIDENCE AT TRIAL

        (S3) Indictment 13 Cr. 272 charges Medina with (1) conspiring to distribute 280 grams or more of cocaine base and a quantity of marijuana, in violation of Title 21, United States Code, Sections 841(b)(1)(A) and 841(b)(1)(D) (Count One); (2) using and carrying a firearm, which was brandished and discharged, during and in relation to the drug conspiracy charged in

---

[1] Unless otherwise noted, all docket references refer to the docket in 13 Cr. 272. Additionally, the page numbers of documents referenced in this Order correspond to the page numbers designated by the District's Electronic Case Filing system.

Count One, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), and 924(c)(1)(A)(iii) (Count Two); and (3) using, carrying, and discharging a firearm and thereby causing the death of Gary Clark, during and in relation to the drug conspiracy charged in Count One, in violation of Title 18, United States Code, Section 924(j) (Count Four).  ((S3) Indictment (Dkt. No. 111) at 1-4)

Medina proceeded to trial on July 9, 2014.  (Trial Transcript ("Tr.") at 29)  The evidence at trial showed that, in 2012, Medina, co-defendant Ruben Estrada, and their co-conspirators sold large quantities of crack cocaine and marijuana on East 228th Street between Barnes Avenue and White Plains Road in the Bronx.  (Id. at 1064-65, 1196, 1211-12, 1226, 1230, 1362, 1364, 1621)  Medina and Estrada maintained firearms on the block of East 228th Street that they controlled, and used those firearms to protect their drug trafficking business.  (Id. at 1247-49, 1371)  From time to time, Medina and Estrada went into the alleyway next to 730 East 228th Street and fired their weapons to make sure that they were operable.  (Id. at 1250)

The evidence also showed that Medina and Estrada used violence to control drug trafficking on East 228th Street.  In 2012, Medina supplied crack cocaine to Gerod Jackson.  The crack cocaine was of poor quality.  As a result, Jackson was not able to sell the crack cocaine at the anticipated price, and he was not willing to pay Medina the agreed-upon price.  Medina repeatedly beat and threatened to kill Jackson if he did not pay the full amount he owed for the crack cocaine.  Jackson became convinced that Medina would eventually kill him, and resolved to kill Medina.  (Id. at 117-19, 121-23, 128, 150-51, 235, 241, 243-44, 412, 494, 500, 730, 766, 1064, 1160, 1174)

On July 28, 2012, Medina was outside of a bar on White Plains Road between East 222nd and East 223rd Streets in the Bronx.  Gary Clark, who was a friend of Gerod

Jackson, drove by in his red Cadillac. (Id. at 1257, 1259) Estrada handed Medina a handgun, and Medina fired at least six shots at the Cadillac, hitting it a number of times, and also seriously wounding an innocent bystander. (Id. at 802, 805-06, 946-49, 951, 1259, 1523-24)

Clark reported to Jackson that he had been shot at by Medina. (Id. at 555) Later that night, Medina, Estrada, and others were standing outside on East 228th Street between Barnes Avenue and White Plains Road when Clark and Jackson drove by in Clark's red Cadillac. (Id. at 192) Medina instructed Estrada, "go get that," and Estrada retrieved a shotgun that he and Medina had stored behind 730 East 228th Street. Estrada positioned himself in a nearby alleyway with the shotgun. (Id. at 192, 135-36, 1249)

After Clark drove through the block, he parked the red Cadillac. He and Jackson then got out of the car and walked back down East 228th Street towards 721 East 228th Street, where Medina and his associates were standing. Clark fired toward that building. (Id. at 198, 569) Medina and his friends ran inside. However, Estrada – from his hiding place in the alleyway – shot and killed Clark. (Id. at 141, 352, 810, 1420-22, 1068-72)

The jury found Medina guilty of (1) conspiracy to distribute marijuana, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(D), and 846 (Count One); and (2) using and carrying a firearm, which was brandished, during and in relation to the drug trafficking crime charged in Count One, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 924(c)(1)(A)(ii) (Count Two). (Id. at 2244-45)

The jury acquitted Medina of conspiring to distribute crack cocaine. (Id. at 2244) Medina was also acquitted on Count Four, which charged him with Clark's murder, on the theory that Estrada had shot in defense of Medina. (Id. at 2245; see also Sentencing Tr. (Dkt. No. 252) at 16)

3

## II.   SENTENCING AND APPEAL

Applying the preponderance of the evidence standard at sentencing, this Court concluded that the evidence at trial demonstrated that Medina had distributed 20 grams of crack cocaine and 238 grams of marijuana, resulting in a base offense level of 20. (Sentencing Tr. (Dkt. 252) at 23-25)  This Court also found that Medina had used an apartment "for the purpose of distributing a controlled substance," resulting in a two-level enhancement. (Id. at 25-26) Concluding that the applicable Sentencing Guidelines range on Count One was 46 to 57 months' imprisonment, and that a mandatory consecutive term of 84 months' imprisonment was the Guidelines sentence on Count Two, this Court sentenced Medina to 49 months' imprisonment on Count One, and a consecutive term of 84 months' imprisonment on Count Two, resulting in an aggregate term of imprisonment of 133 months. (Id. at 26-27, 42; see also Judgment (Dkt. No. 251) at 1-3)

On appeal, Medina argued that (1) this Court should have dismissed Count Two, because 18 U.S.C. § 924 only authorizes a single Section 924 charge for each predicate narcotics offense; and (ii) in sentencing Medina for acquitted conduct – his distribution of crack cocaine – this Court violated Medina's rights under the Fifth Amendment's Due Process Clause and the Sixth Amendment's jury trial guarantee. See United States v. Medina, 642 F. App'x 59, 60 (2d Cir. 2016).

On March 15, 2016, the Second Circuit affirmed by summary order. See id. at 62, cert. denied sub nom. Medina v. United States, 137 S. Ct. 837 (2017).  The Second Circuit held that any error concerning this Court's application of 18 U.S.C. § 924 was harmless, because Medina was convicted of only one Section 924 offense. Id.  As to Medina's claim that this Court erred in sentencing him on acquitted conduct, the Second Circuit reiterated that a trial court "may

consider facts relevant to sentencing by a preponderance of the evidence . . . so long as those facts do not increase the maximum statutory punishment." Id. (citation, quotation marks, and emphasis omitted).

### III.     PROCEDURAL HISTORY

On January 25, 2018, Medina filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence. (Pet., 18 Civ. 734 (Dkt. No. 2))  The Petition offers four grounds for vacatur.

Medina first argues that Count One of the Indictment charges a misdemeanor, and not a felony, because the Government does not allege that he conspired to distribute a specific quantity of marijuana. Medina also contends that the evidence at trial was consistent with the notion that he distributed small quantities of marijuana for no remuneration, making 21 U.S.C. § 841(b)(4) applicable to his offense. (Id. at 5)  Because the Government charged and proved only a misdemeanor drug offense, the Section 924(c) firearms conviction fails. (Id.)

Invoking the doctrines of estoppel, res judicata, claim preclusion, and issue preclusion, Medina next argues that the Court lacked jurisdiction to sentence him on the Section 924(c) offense charged in Count Two, as he "could only stand to be prosecuted for . . . one (1) enhancement under § 924" – a reference to the Section 924(j) charge in Count Four. (Id. at 6-8)

Medina also contends that he suffered from "prejudicial spillover" when the jury heard evidence concerning his distribution of crack cocaine – "a charge which should have been dismissed." (Id. at 6)

Finally, Medina claims that his attorney – David Rody of Sidley Austin – was "ineffective for failing to raise" these issues. (Id. at 9; see also Rody Decl., 18 Civ. 734 (Dkt. No. 8))

5

On August 23, 2018, this Court referred Medina's petition to Magistrate Judge Lehrburger.  (18 Civ. 734 (Dkt. No. 14))  On April 24, 2019, Judge Lehrburger issued an R&R recommending that the Petition be denied in its entirety.  (R&R, 18 Civ. 734 (Dkt. No. 18))

On May 7, 2019, Medina requested an extension of 60 days to submit objections to the R&R.  (18 Civ. 734 (Dkt. No. 19))  This Court granted that application (18 Civ. 734 (Dkt. No. 20)), and on June 27, 2019, Medina filed his objections to the R&R.  (Obj., 18 Civ. 734 (Dkt. No. 21))

In his Objections, Medina contends that Judge Lehrburger erred in concluding that (1) Medina's marijuana conviction was properly treated as a felony; (2) Medina's challenge to his Section 924(c) conviction, and complaint regarding being sentenced for acquitted conduct, were meritless; and (3) Medina had not demonstrated that his lawyer provided ineffective assistance of counsel.  (Id. at 2-4)

## DISCUSSION

### I. LEGAL STANDARD

A district court's review of a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  Where, as here, a timely objection has been made to a magistrate judge's recommendation, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  Id.

However, "[o]bjections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke de novo review."  Phillips v. Reed Grp., Ltd., 955 F. Supp. 2d

201, 211 (S.D.N.Y. 2013) (citation, quotation marks, and alteration omitted).  "[T]o the extent . . . that the [objecting] party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the [R & R] strictly for clear error."  DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009) (citation and quotation marks omitted).  Although "[t]he objections of parties appearing pro se are generally accorded leniency and should be construed to raise the strongest arguments that they suggest . . .[,] even a pro se party's objections to a[n] [R&R] must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."  Id. at 340 (citations and quotation marks omitted).

## II.    ANALYSIS

As an initial matter, in his objections, Medina merely repeats arguments made in his Petition.  (Compare (Pet., 18 Civ. 734 (Dkt. No. 2)) with Obj., 18 Civ. 734 (Dkt. No. 21))  Because Medina seeks to relitigate arguments considered and rejected by Judge Lehrburger, the R&R will be reviewed only for clear error.  See DiPilato, 662 F. Supp. 2d. at 339-40.

Judge Lehrburger finds that Medina's challenge to his marijuana trafficking conviction fails, both because it is procedurally barred and otherwise meritless.  (R&R, 18 Civ. 734 (Dkt. No. 18) at 16)  Medina's complaints regarding (1) his Section 924(c) conviction; and (2) this Court's consideration of acquitted conduct at sentencing likewise fail, because these arguments were made in his direct appeal, were rejected by the Second Circuit, and cannot be relitigated.  (Id. at 23, 25)  Finally, Judge Lehrburger concludes that Medina has not demonstrated that his lawyer provided ineffective assistance of counsel, given that Medina's complaints about his lawyer are premised on these same meritless arguments.  (Id. at 27)

### A. Medina's Marijuana Trafficking Conviction

Medina contends that this Court erred by treating Count One as a felony, as "Count One (Marijuana) was a Misdemeanor therefore the maximum sentence was one (1) year, and 924(c)(1) enhancement was inapplicable." (Pet., 18 Civ. 734 (Dkt. No. 2) at 5)) According to Medina, because the (S3) Indictment does not charge a specific quantity of marijuana, "nor whether the distribution was for remuneration," his conviction is for only a misdemeanor under 21 U.S.C. § 841(b)(4), and not for a felony under 21 U.S.C. § 841(b)(1)(D). (Id. at 5; see also Obj., 18 Civ. 734 (Dkt. No. 21) at 2)  Because Medina was not convicted of a felony drug trafficking offense, his Section 924(c) conviction for using, carrying, and brandishing a firearm during and in relation to a drug trafficking offense cannot stand. (Pet., 18 Civ. 734 (Dkt. No. 2) at 5)

Judge Lehrburger rejects this claim for two reasons: (1) "it is procedurally barred[,] because Medina did not raise it on direct appeal," and (2) "it is based on an incorrect application of the marijuana conspiracy statute." (R&R, 18 Civ. 734 (Dkt. No. 18) at 16)  In his objections, Medina repeats the same arguments that he made to Judge Lehrburger. (Compare Pet., 18 Civ. 734 (Dkt. No. 2) at 5 with Obj., 18 Civ. 734 (Dkt. No. 21) at 2)  Accordingly, this portion of the R&R is reviewed for clear error. DiPilato, 662 F. Supp. 2d at 339-40.

As to procedural bar, the law is clear that when "'a petitioner does not bring a claim on direct appeal, he is barred from raising the claim in a subsequent Section 2255 proceeding unless he can establish both cause for the procedural default and actual prejudice resulting therefrom.'" (R&R, 18 Civ. 734 (Dkt. No. 18) at 12 (quoting Rosa v. United States, 170 F. Supp. 2d 388, 396 (S.D.N.Y. 2011)); see also Zhang v. United States, 506 F.3d 162, 166 (2d Cir. 2007) ("In general, a claim may not be presented in a habeas petition where the

petitioner failed to properly raise the claim on direct review. . . . If such a claim has not been presented on direct review, the procedural default bar may be overcome only where the petitioner establishes either (1) 'cause' for the failure to bring a direct appeal and 'actual prejudice' from the alleged violations; or (2) 'actual innocence.'" (citation omitted)))

Here, Medina concedes that he did not contend in his direct appeal that he had been convicted of a marijuana misdemeanor rather than a felony marijuana trafficking offense. (Pet., 18 Civ. 734 (Dkt. No. 2) at 5)  Medina argues that this issue was not raised because of ineffective assistance of counsel.  (Id.)  Judge Lehrburger concludes that Medina's ineffective assistance claim does not assist him, however, because Medina cannot establish prejudice: "his misdemeanor-felony argument has no merit[.]"  (R&R, 18 Civ. 734 (Dkt. No. 18) at 18)

In his objections, Medina argues that Judge Lehrburger erred in rejecting his "misdemeanor-felony" argument, and did so because he misconstrues United States v. Outen, 286 F.3d 622 (2d Cir. 2002).  (Obj., 18 Civ. 734 (Dkt. No. 21) at 2)

In Outen, the Second Circuit held that "absent an indictment and jury finding with respect to [a] quantity [of marijuana]," 21 U.S.C. § 841(b)(1)(D) is the default provision for a Section 841(b) marijuana-related offense.  Outen, 286 F.3d at 637; see also id. at 625-26 ("[T]he "default' provision for marijuana is the [maximum] five-year term of § 841(b)(1)(d).").  The Second Circuit explained that 21 U.S.C. § 841(b)(4) – which addresses those who "distribut[e] a small amount of marijuana for no remuneration" – is "a mitigating exception to the five-year [maximum sentence applicable under] § 841(b)(1)(D)," meant to cover, for example, "the sharing of small amounts of marijuana in social situations," as opposed to the statute's other subsections – including Section 841(b)(1)(D) – that "cover traffickers."  Id. at 637.

As Judge Lehrburger explains, Medina's "claim regarding a deficiency in the

Indictment lacks any legal basis" because, under Outen, absent a quantity allegation in a marijuana trafficking conspiracy charge brought under 21 U.S.C. §§ 841 and 846, the "'default' sentencing provisions for the distribution of marijuana under Section 841 is five years' imprisonment." (R&R, 18 Civ. 734 (Dkt. No. 18) at 19 (citing Outen, 286 F.3d at 638-639)) Here, Medina was found guilty of committing a Section 841(b)(1)(D) violation of Section 846 by conspiring to distribute an unspecified quantity of marijuana. (See, e.g., Judgment (Dkt. No. 251) at 1) Although Medina argues that "Count One (Marijuana) was a Misdemeanor" requiring "the application of 21 U.S.C. § 841(b)(4)" (Pet., 18 Civ. 734 (Dkt. No. 2) at 5), as Judge Lehrburger notes, "[t]o qualify for the Section 841(b)(4) exception, Medina had an affirmative obligation to present evidence at trial supporting the application of the exception. He did not do so, nor could he have," because there was overwhelming evidence that Medina was in the business of selling marijuana. (R&R, 18 Civ. 734 (Dkt. No. 18) at 19; see also id. at 21-22 (describing "the Government's evidence of felony marijuana distribution" as "overwhelming," and citing to the trial transcript))

Medina argues, however, that in Moncrieffe v. Holder, 569 U.S. 184 (2013) the Supreme Court "explicitly rejected the holding in Outen[.]" (Obj., 18 Civ. 734 (Dkt. No. 21) at 2) As Judge Lehrburger explains, Medina misconstrues Moncrieffe:

> Medina argues that the Supreme Court's decision in Moncrieffe overturned Outen by prohibiting the default approach to Section 841(b)(1)(D) that five years is the applicable term of imprisonment in the absence of an allegation of specific weight. (Petitioner's Reply ("Reply"), at 3-4.) Moncrieffe, however, addresses an entirely different procedural posture than that presented in Outen. In Moncrieffe, the Supreme Court evaluated – in the context of immigration proceedings – whether a state marijuana conviction constituted an "aggravated felony" under the Immigration and Nationality Act ("INA"). Moncrieffe, 569 U.S. at 187. In doing so, the Court reviewed the mitigating exception set forth in Section 841(b)(4), and determined that "[i]f a noncitizen's conviction for a marijuana distribution offense fails to establish that the offense involved either remuneration or more than a small amount of marijuana, the conviction is not for

10

>an aggravated felony under the INA." Id. at 206. Moncrieffe did not involve review of a federal marijuana distribution conviction, and its holding regarding the treatment of state convictions under the INA has no bearing on Outen's holding regarding the default sentencing provision of the federal marijuana distribution offense set forth in Section 841(b)(1)(D).

(R&R, 18 Civ. 734 (Dkt. No. 18) at 19-20)  Indeed, the Moncrieffe court notes that the circuit courts have uniformly concluded that "a defendant is eligible for a 5-year sentence under § 841(b)(1)(D) if the Government proves he possessed marijuana with the intent to distribute it, and that the Government need not negate the § 841(b)(4) factors in each case."  Moncrieffe, 596 U.S. at 197 (citing Outen, 286 F.3d at 636-69).

In sum, Medina was charged with and convicted of a felony marijuana trafficking offense.  There is no error in this portion of the R&R, and Judge Lehrburger's recommendation concerning Medina's marijuana trafficking conviction – and the Section 924(c) conviction that is predicated on the marijuana trafficking conviction – will be adopted.[2]

### B. Medina's Attempt to Re-Litigate Claims Rejected in His Direct Appeal

"It is well established that a § 2255 petition cannot be used to relitigate questions which were raised and considered on direct appeal."  United States v. Sanin, 252 F.3d 79, 83 (2d Cir. 2001) (citation and quotation marks omitted).

In his petition, Medina raises two claims that were considered and rejected by the Second Circuit in his direct appeal:  (1) that his Section 924(c) conviction cannot stand, because

---

[2]  Judge Lehrburger notes that (1) "the Government's evidence of felony marijuana distribution under Section 841(b)(1)(d) was overwhelming" (R&R, 18 Civ. 734 (Dkt. No. 18) at 21); and (2) Medina "elicit[ed] [no] evidence at trial supporting the application of Section 841(b)(4)'s mitigation exception, and the record reflects no basis for the application of the exception in light of [Medina's] conduct."  (Id. at 22)  Medina suggests that these findings contravene Apprendi v. New Jersey, 530 U.S. 466 (2000) (Obj., 18 Civ. 734 (Dkt. No. 21) at 2)  They do not.  Judge Lehrburger's findings are premised on the evidence that was presented at trial (see, e.g., R&R, 18 Civ. 734 (Dkt. No. 18) at 21-22), and these findings present no Apprendi issue.

11

the Government could not prosecute him for two 18 U.S.C. § 924 charges, here, Section 924(c) and Section 924(j); and (2) this Court improperly sentenced him on the basis of acquitted conduct.  (R&R, 18 Civ. 734 (Dkt. No. 18) at 23; see also Pet., 18 Civ. 734 (Dkt. No. 2) at 6, 8)  Judge Lehrburger concludes that because these claims were considered and rejected by the Second Circuit, they cannot be reasserted in an action for habeas relief.  (Id. at 24-26 (citing Medina, 642 F. App'x at 60-62; United States v. Tenzer, 213 F.3d 34, 39 (2d Cir. 2000)))

In his objections, Medina contends that these two claims do not "constitute re-litigation."  (Obj., 18 Civ. 734 (Dkt. No. 21) at 3)  According to Medina, "it is appropriate to re-evaluate the 'brandishing enhancement' given [that] the Second Circuit ruled that . . . . 'any error in the district court's decision was harmless,' . . . [but] this matter was not harmless. . . ."  (Id. (quoting Medina, 642 F. App'x at 62)).  Medina also argues that it is "appropriate to re-evaluate the 'cocaine enhancement' in light of the ancient doctrine of res judicata pro veritate accipitur."  (Id. (citation and quotation marks omitted))

Because Medina's objections parrot arguments made in the Petition, this Court reviews Judge Lehrburger's recommendation on these points for clear error.  DiPilato, 662 F. Supp. 2d. at 339-40.  This Court finds no error in the R&R's analysis, and will adopt the R&R's recommendation.  Because Medina seeks to relitigate arguments that were raised and rejected on direct appeal, these arguments provide no basis for granting habeas relief.  Sanin, 252 F.3d at 83.[3]

---

[3]  To the extent that Medina argues that he was harmed by counsel's failure to assert "prejudicial spillover" (Obj., 18 Civ. 734 (Dkt. No. 21) at 3; Pet., 18 Civ. 734 (Dkt. No. 2) at 6), there is no error in the R&R's reasoning that the Second Circuit considered this issue, given the Circuit's observations regarding multiple 18 U.S.C. § 924 charges, and its conclusion that any potential error was harmless.  (R&R, 18 Civ. 734 (Dkt. No. 18) at 24-25, 30 (citing Medina, 642 F. App'x at 60))  As Judge Lehrburger notes, "[t]he prohibition against multiple Section 924(c) charges is

C.     **Ineffective Assistance of Counsel**

The Petition raises three ineffective assistance of counsel claims. Judge Lehrburger rejects all three claims. (R&R, 18 Civ. 734 (Dkt. No. 18) at 27 (citing Pet., 18 Civ. 734 (Dkt. No. 2) at 9))

In his objections, Medina contends that the R&R "unduly mischaracterized [his] challenge to counsel's ineffectiveness with respect to the marijuana charge, by stating: it would be 'baseless' for counsel to challenge the indictment and the Government's 'overwhelming evidence' at trial." (Obj., 18 Civ. 734 (Dkt. No. 21) at 4 (quoting R&R, 18 Civ. 734 (Dkt. No. 18) at 28)) According to Medina, Judge Lehrburger "convolutes when Medina specifies counsel was ineffective," namely, "'after the jury's verdict.'" (Id. (quoting Reply Br., 18 Civ. 734 (Dkt. No. 15) at 7)) The Court understands Medina to be arguing that his lawyer was ineffective at sentencing. (Id.)

Judge Lehrburger did not "convolute" Medina's arguments concerning ineffective assistance of counsel. To the contrary, the R&R quotes a significant portion of the Petition. (See R&R, 18 Civ. 734 (Dkt. No. 18) at 27) In any event, whether Medina's complaints about counsel are understood to concern trial, sentencing, or appeal, they are meritless.

Medina contends that "trial counsel was ineffective for . . . not objecting to the sentencing court's classification of Count One (Marijuana) as a felony versus a misdemeanor." (Pet. (Dkt. No. 2) at 9) Judge Lehrburger finds that this claim fails both prongs of <u>Strickland v. Washington</u>, 646 U.S. 668 (1984), which require a petitioner to both "'(1) demonstrate that his counsel's performance fell below an objective standard of reasonableness in light of prevailing

---

rooted in avoiding excessive punishment during sentencing, not avoiding 'prejudicial spillover' at trial, as [Medina] claims." (Id. at 24-25 (citing <u>Medina</u>, 642 F. App'x at 60))

13

professional norms; and (2) affirmatively prove prejudice arising from counsel's allegedly deficient representation." (R&R, 18 Civ. 734 (Dkt. No 18) at 13 (quoting Carrion v. Smith, 549 F.3d 583, 588 (2d Cir. 2008) (citation and quotation marks omitted)); see also id. at 27)

As discussed above, "Section 841(b)(1)(D) is the baseline provision for marijuana distribution under Section 841, and represents the default charge in an indictment where no marijuana weight is specified." (Id. at 27) Counsel's "failure to press the argument that the Indictment was improperly pled would have no legal foundation and therefore cannot constitute deficient performance." (Id. (citing Forbes v. United States, 574 F.3d 101, 106 (2d Cir. 2009)); see also Forbes, 574 F.3d at 106 ("[F]ailure to include a meritless argument does not fall outside the wide range of professional competent assistance[.]" (citation and quotation marks omitted))) Similarly, as it "would have made little sense for [counsel] to pursue the argument that Medina qualified for the mitigating exception under Section 841(b)(4)" – due to the "overwhelming" "contradict[ory]" "evidence" – counsel's representation at trial was likewise not deficient. (R&R, 18 Civ. 734 (Dkt. No. 18) at 28) This Court finds no error in the R&R's reasoning, which applies with equal force at all stages of the case: pretrial, trial, sentencing, and appeal. Similarly, as "any motion to dismiss Count One of the Indictment for the reasons cited by Medina would have been baseless," Medina was not prejudiced by counsel's representation. (Id.)[4]

This Court agrees that this ineffective assistance of counsel claim fails both prongs of Strickland.

---

[4] The R&R is likewise correct in concluding that the "Section 924(c) charge was properly connected to an underlying drug trafficking felony under Section 841(b)(1)(D), and [counsel's] purported failure to make a baseless argument to the contrary is not grounds for a claim of ineffective assistance." (R&R, 18 Civ. 734 (Dkt. No. 18) at 29 (citing Forbes, 574 F.3d at 106); see also Pet., 18 Civ. 734 (Dkt. No. 2) at 5, 9)

Medina also contends that his lawyer was ineffective for: (1) "not timely moving before trial to dismiss Count Two . . . for lack of jurisdiction and failure to state an offense, nor presenting argument on appeal that Petitioner was unduly harmed by 'prejudicial spillover'" (Pet., 18 Civ. 734 (Dkt. No. 2) at 9); and (2) failing "to plead estoppel, issue preclusion, and res judicata pro veritate accipitur with respect to the use of 'cocaine' as relevant conduct" (id.) – in other words, failing to object to this Court's consideration of acquitted conduct at sentencing. (See also R&R, 18 Civ. 734 (Dkt. No. 18) at 30)  As discussed above, these arguments were considered and rejected by the Second Circuit and cannot serve as the basis for habeas relief.  In any event, counsel was not ineffective in failing to raise these claims, because they are meritless, as the Second Circuit found.  Medina, 642 F. App'x at 62; see also Forbes, 574 F.3d at 106.  As such, there is no error in the R&R's conclusion that Medina has not satisfied either prong of Strickland.

## CONCLUSION

Judge Lehrburger's R&R is adopted in its entirety, and Medina's petition for a writ of habeas corpus is denied.

Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue under 28 U.S.C. § 2253.  This Court certifies that under 28 U.S.C. § 1915(a)(3) any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for purposes of an appeal.  The Clerk of Court is directed to close this case.

Copies mailed by Chambers.

SO ORDERED.

Dated: New York, New York
October 18, 2020

_____
Paul G. Gardephe
United States District Judge